**UNITED STATES**

v.

**Airman First Class Bienville S. HAYWOOD, FR 549–49–8052, United States Air Force.**

**ACM S26493.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 15 May 1984.

21 Nov. 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Lieutenant Colonel Patrick C. Sweeney.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Thomas O. Maser, USAFR.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

## DECISION

O'HAIR, Judge:

In accordance with her pleas, the accused was found guilty of missing a movement through design, in violation of Article 87, UCMJ, 10 U.S.C. § 887, and the willful disobedience of a lawful order issued by her superior commissioned officer to wear her Air Force uniform, in violation of Article 90, UCMJ, 10 U.S.C. § 890. She was sentenced to a bad conduct discharge and reduction to airman basic.

At her trial before members, the accused appeared in civilian clothes, consisting of a robe, shawl, pants, and tennis shoes and refused to comply with the court's order that she properly attire herself in the appropriate Air Force uniform.* As a result, during the preliminary instructions to the court members the military judge advised them they could "... consider the accused's appearance before this court in violation of [Air Force Regulation] 35–10 and the directives of the court to appear in proper uniform for her court-martial in adjudging an appropriate sentence in this case." This advice was reiterated during the sentencing instructions when the military judge detailed matters in aggravation and mitigation which they could consider. The trial defense counsel stated he had no objection to any reference by the military judge to her demeanor in the court room, but he did object to the reference to any uncharged misconduct in terms of her being in violation of AFR 35–10. The military judge denied this objection and the defense counsel asked for no further limiting instruction.

The accused now complains that the military judge provided erroneous instructions to the court members with regard to her refusal to wear a uniform at trial and that the end result was to invite them to mete out additional punishment for this uncharged, in-court misconduct. The defense cites *United States v. Warren*, 13 M.J. 278 (C.M.A.1982), where the Court of Military Appeals was concerned that court members may have impermissibly increased the accused's punishment if they felt he had lied to them while testifying before them on findings. The remedy developed by the Court to be applied to that situation was for the military judge to instruct the court members that if they believed the accused had willfully lied to them regarding a material matter, they could consider this in-court misconduct when adjudging an appropriate sentence, but only as it applies to the accused's potential for rehabilitation. *Warren, supra.*

In the case *sub judice*, the military judge exercised great restraint in attempting to encourage the accused to properly attire herself for her court-martial, but when she refused the court's order, it was incumbent upon him to advise the court members on the limit to which they could use this uncharged misconduct. Unfortunately, however, the military judge did not carry his burden far enough so as to appropriately limit the application of this information to the consideration of whether or not she had the potential for rehabilitation, rather than just a general consideration of this information, along with all other relevant sentencing matters. We must now look for prejudice.

Examining the adjudged sentence, we find the court members imposed no forfeiture of pay and no confinement. In light of the apparent leniency extended by them, we believe the accused was not prejudiced.

---

* During unsworn testimony, the accused explained that she had recently re-adopted the practice of the Islamic Muslim religion which prohibits women from wearing tight fitting clothes, such as her military uniform.

Accordingly, the findings of guilty and sentence are

AFFIRMED.

FORAY, Senior Judge and SNYDER, Judge, concur.